UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> vs.<br><br>WAYLEN SHERMAN BLOCK,<br><br>     Defendant. | CR. 17-50068-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Waylen Sherman Block pled guilty to one count of receipt of child pornography by a previous sex offender in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). (Docket 64). The government moved the court to order defendant to pay $47,000 in restitution to six victims of child pornography. (Docket 68). The court sentenced defendant on August 10, 2018, but deferred its restitution order pending supplemental briefing regarding the impact of defendant's alleged indigence on the mandatory restitution.[1] (Dockets 78 & 81). The parties submitted their supplemental briefs and this matter became ripe for adjudication on October 9, 2018. (Dockets 83 & 85). For the reasons given below, the court concludes it cannot order restitution in this case and denies the government's motion.

---

[1]The parties agree defendant's alleged indigence is irrelevant to the court's restitution determination. (Dockets 83 at pp. 1-2 & 85 at p. 1). The court agrees. 18 U.S.C. § 2259(b)(4).

**ANALYSIS**

I. **Government's Motion for Restitution**

The government seeks $47,000 in restitution from defendant for payment to six child pornography victims. (Docket 68). Specifically, the government seeks $12,000 for Angela, $10,000 for Violet, the victim of the "At School" child pornography series, $10,000 for Lily, the victim of the "Vicky" series, and $5,000 each to Pia, Ava, and Mya, the victims of the "Sweet Sugar" series.[2] Id. The government filed voluminous documentation about the harms suffered by each victim to justify its request. See Dockets 68-1 – 68-5. The government, arguing that defendant "both produced and distributed images of child pornography," suggests that an amount greater than $3,000 per victim is appropriate. (Docket 83 at p. 3). Defendant argues the government produced no evidence regarding the extent to which his conduct contributed "to the proximate cause of each of the individual victim's [sic] losses" and asks the court to order $2,500 in restitution to Angela, Violet and Lily, with $1,250 to Pia, Ava, and Mya. (Docket 85 at pp. 2-3).

II. **Legal Standard**[3]

"Under 18 U.S.C. § 2259(a), a district court shall order restitution for offenses that involve the sexual exploitation of children and child pornography in

---

[2]Each of these names are pseudonyms for the actual victims.

[3]The court is aware a new statute revising 18 U.S.C. § 2259 was enacted in December of 2018. See Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. 115-299, 132 Stat. 4383 (Dec. 7, 2018). Because the court concludes it cannot order restitution in this case, the court need not determine whether the new statute applies retroactively to the government's restitution motion.

particular." United States v. Beckmann, 786 F.3d 672, 682 (8th Cir. 2015). "The government bears the burden of proving the amount of restitution based on a preponderance of the evidence." United States v. Hoskins, 876 F.3d 942, 945 (8th Cir. 2017). The court must order restitution under this statute "only to the extent that the defendant's offense proximately caused the victim's losses." Beckmann, 786 F.3d at 682. Losses a victim may have suffered include: medical services relating to physical, psychiatric or psychological care; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing and child care expenses; lost income; reasonable attorneys' fees, as well as other costs incurred; and any other relevant losses incurred by the victim. 18 U.S.C. § 2259(c)(2). The court "may not decline to issue an order" for restitution based on "the economic circumstances of the defendant" or "the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source." 18 U.S.C. § 2259(b)(4).

The Paroline Court "found that § 2259 did not require but-for causation, and that restitution could be awarded in an amount 'that comports with the defendant's relative role in the causal process that underlies the victim's general losses.'" Hoskins, 876 F.3d at 946 (quoting Paroline v. United States, 572 U.S. 434, 458 (2014)). To guide the district court's causal analysis, the Court explained:

> There are a variety of factors district courts might consider in determining a proper amount of restitution, and it is neither necessary nor appropriate to prescribe a precise algorithm for determining the proper restitution amount at this point in the law's development. Doing so would unduly constrain the decisionmakers closest to the facts of any given case. But district

3

courts might, as a starting point, determine the amount of the victim's losses caused by the continuing traffic in the victim's images . . . then set an award of restitution in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses.

Paroline, 572 U.S. at 459-60 (internal citation omitted). The factors Paroline provided as guidance include:

1. the number of past criminal defendants found to have contributed to the victim's general losses;

2. reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses;

3. any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted);

4. whether the defendant reproduced or distributed images of the victim;

5. whether the defendant had any connection to the initial production of the images;

6. how many images of the victim the defendant possessed; and

7. other facts relevant to the defendant's relative causal role.

Id. at 460 (numbering added and spacing altered for readability). Emphasizing "[t]hese factors need not be converted into a rigid formula," the Court stated they

should rather serve as rough guideposts for determining an amount that fits the offense. The resulting amount fixed by the court would be deemed the amount of the victim's general losses that were the 'proximate result of the offense' for purposes of § 2259, and thus the 'full amount' of such losses that should be awarded.

Id.

**III.  Lack of Evidence Defendant Possessed Images of Named Victims**

Defendant pled guilty to one count of receipt of child pornography by a previous sex offender.  (Docket 64).  As a part of his plea agreement, defendant signed a factual basis statement describing his offense.  (Docket 59).  That statement attributes "thousands of images of child pornography" to defendant but does not specifically state any of those images depicted the named victims.  In fact, the government provided no evidence connecting defendant to the named victims.  The government's *pro forma* motion for restitution merely directs the court to the supporting documentation generated by the victims' attorneys.  (Docket 68).  The supporting documentation is extensive and provides ample evidence showing the extreme harms suffered by the victims.  See Dockets 68-1 through 68-5.  However, the documentation does not allege defendant possessed images of the named victims.  The attorney representing both Violet and Lily, for example, states she has not been informed of the number of images or videos depicting her clients involved in defendant's case.  (Docket 68-2 at p. 7 & 68-3 at p. 13).

"Restitution . . . under section 2259 is proper only to the extent that defendant's offense proximately caused the victim's losses."  United States v. Bordman, 895 F.3d 1048, 1056 (8th Cir. 2018) (quoting Beckmann, 786 F.3d at 682).  It is undisputed that possessors of child pornography "cause proximate harm to victims[.]"  Id.  However, the court cannot conclude defendant caused any harm at all to the named victims when there is no evidence defendant

5

possessed any images of these victims. The court is aware that it must order defendant to pay restitution to the victims of his crime. 18 U.S.C. § 2259(a) ("[T]he court *shall* order restitution . . .") (emphasis added). The court does not doubt the severe harms suffered by the named victims, nor does it discount the possibility that images of these victims may be among the thousands of images defendant possessed. The court nevertheless must deny the pending motion for restitution because the government failed to provide any evidence demonstrating defendant possessed images of these specific named victims.

Accordingly, it is

ORDERED that the government's motion for restitution (Docket 68) is denied.

Dated January 24, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE